## WHEN THE DEFENSE OF RES ADJUDICATA IS AVAILABLE.

Circuit Court of Cuyahoga County.

ABBIE A. JOHNSON, ADMINISTRATRIX, v. THE CLEVELAND,
CINCINNATI, CHICAGO & ST. LOUIS RAILWAY CO.

Decided, December 22, 1905.

*Res Adjudicata a Defense Only Where Issues are Identical—Action for
Wrongful Death Not Barred by Prior Action for Personal Injury,
When.*

Although it appears that an action for wrongful death is based upon
the same state of facts upon which a former action by decedent
for personal injuries was based, the doctrine of *res adjudicata*
does not apply unless it further appears that the issues are
identical in the two actions.

*Myer & Mooney,* for plaintiff in error.
*E. A. Foote,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

Judgment in this case was rendered for the defendant railway company upon the pleadings. It was an action for death by wrongful act and the defense successfully raised below was that of *res adjudicata.* The decedent had in his lifetime brought suit for the injuries which, pending the action, are said to have resulted in death. The action was reviewed and terminated in a verdict and judgment for defendant. The answer in this case sets up, and the reply admits, that the negligent injury complained of in the former action is the same as that averred in the petition here. But it is not alleged in this action what matter of defense was averred by the answer in the former action. For aught this record shows the issue in the former action may have been raised by reply to an answer which confessed and avoided the averments of the petition therein. It may, for example, have turned upon an issue properly joined as to whether the decedent had not, for value, covenanted not to sue his employer for a certain period after his injury not then elapsed, and not to sue him

at all in case he should then be recovered and restored to his position. It is enough to show the possibility of such an issue in the former action. We can not speculate as to what the issue in fact was. The pleadings here assert merely the identity of the causes of action, not the identity of issues. But the rule of *res adjudicata* can be applied only where the issues are identical. *Koelsch v. Mixer, Admr.*, 52 O. S., 207, 211.

For this error in rendering judgment on the pleadings against the plaintiff in error, said judgment is reversed and the cause remanded.